■ In the Matter of PAULA E. KAY, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [755 NYS2d 315] —Per Curiam. Respondent was admitted to practice by the Appellate Division, Second Department, in 1991. She maintains an office for the practice of law in the Village of Monticello, Sullivan County.

After a hearing, the Referee sustained seven charges of professional misconduct against respondent and recommended dismissal of one charge. Petitioner moves to confirm the report. Respondent advises that she does not oppose the motion.

We find that respondent converted funds she received on behalf of her clients in violation of the attorney disciplinary rules (*see* 22 NYCRR part 1200) by failing to maintain the required balance on behalf of clients in her attorney escrow account, by disbursing funds from her escrow account on behalf of clients in excess of the amount she held on behalf of those clients, by disbursing a check from the account on behalf of a client for whom she had no corresponding deposit, and by making disbursements on behalf of clients which cleared the account before a corresponding deposit was credited to the account (charge I). Respondent deposited personal funds into the

---

account to cover shortages for her clients. On two occasions, respondent failed to deposit client funds into her attorney escrow account (charge II). On several occasions, respondent issued checks against insufficient funds from her attorney escrow account (charge III). Respondent failed to maintain accurate entries in the records for her attorney escrow account (charge IV), failed to maintain complete records of all deposits and withdrawals from the account (charge VI), and failed to properly title the account (charge VII). Finally, respondent failed to cooperate with petitioner by not responding fully to petitioner's letter requests for information and documentation and by not producing requested documentation at an examination under oath before petitioner (charge VIII). By the above conduct, respondent violated 22 NYCRR 1200.3 (a) (5), (7) and 1200.46 (a), (b) (1), (2); (c), (d) (9). We find that, although respondent is guilty of serious misconduct, it was not willful and was not motivated by larcenous intent. Therefore, we find her not guilty of the charges insofar as they allege a violation of 22 NYCRR 1200.3 (a) (4).

It appears that respondent is remorseful and is now employed as an associate at a large law firm with an accounting department. It also appears that no client has suffered actual monetary harm. She has submitted affidavits from attorneys attesting to her good reputation for integrity and honesty and one attorney so testified before the Referee. Respondent is active in community organizations.

In view of all of the above, we conclude that respondent should be censured for her professional misconduct.

Mercure, J.P., Crew III, Peters, Rose and Lahtinen, JJ., concur. Ordered that respondent is found guilty of professional misconduct as charged and specified in charges I, II, III, IV, VI, VII and VIII of the petition, as amended by petitioner at the hearing before the Referee, except insofar as the charges allege a violation of 22 NYCRR 1200.3 (a) (4); and it is further ordered that petitioner's motion to confirm the Referee's report is granted accordingly; and it is further ordered that respondent is censured.